UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>JEVAUN CHARLES,<br>    a/k/a "Bobby,"<br>    a/k/a "O'Melly,"<br>ALYSHA BELTRE,<br>    a/k/a "Ally Racks,"<br>DEURI CARAMBOT,<br>    a/k/a "Kenny,"<br>    a/k/a "Ralphy,"<br>SHAKUR CULBERT,<br>    a/k/a "Chase,"<br>ALVIN FERNANDEZ,<br>    a/k/a "Al.P,"<br>JASON GONZALEZ,<br>    a/k/a "Why,"<br>MALCOLM RIVERA,<br>    a/k/a "Boyy,"<br>MIKE SILVA,<br>    a/k/a "Cuba,"<br>DANIEL SILVA,<br>MAXWELL SMITH,<br>    a/k/a "Max,"<br>    a/k/a "Max Payne,"<br>MARLON WATSON,<br>    a/k/a "Menace,"<br>    a/k/a "Tega,"<br>    a/k/a "Black,"<br>    a/k/a "King," and<br>KEWAANNEE WILLIAMS,<br>    a/k/a "Kay,"<br>    a/k/a "Keys,"<br><br>                        *Defendants.* | ~~[Proposed]~~ **Protective Order**<br><br>21 Cr. 412 (JSR) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Sensitive Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Sensitive Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the defendants or their counsel that are marked as "Sensitive," shall be deemed Sensitive Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Disclosure material designated as Sensitive Material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

3. Sensitive Material may be disclosed by the defense to:

        (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

        (b) Prospective witnesses for purposes of defending this action;

        (c) The defendants; and

        (d) Such other persons as hereafter may be authorized by the Court.

    4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

    5. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Sensitive Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Sensitive Material has been disclosed to which such persons.

    6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

    7. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Sensitive Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's

consideration of any disputes regarding the Requested Material. The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has searched and seized pursuant to warrants issued during the course of the investigation, including from cellphones, social media accounts, and other online accounts. Some of this ESI was seized from the defendants. Upon the consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material (the "seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9. Except for Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later. If Sensitive Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## Retention of Jurisdiction

11. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____          Date: _July 16, 2021_____
    Micah Fergenson
    Jacob Gutwillig
    Matthew Hellman
    Assistant United States Attorneys

_____          Date: _____
Donna Newman, Esq.
Counsel for Jevaun Charles

_____          Date: _____
David Touger, Esq.
Counsel for Alysha Beltre

_____          Date: _____
Margaret Shalley, Esq.
Counsel for Deuri Carambot

_____          Date: _____
Patricia Pileggi, Esq.
Counsel for Shakur Culbert

_____          Date: _____
Thomas Ambrosio, Esq.
Counsel for Jason Gonzalez

_____          Date: _____
Donald Yannella, Esq.
Counsel for Mike Silva

6

## Retention of Jurisdiction

11. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____     Date: July 16, 2021
    Micah Fergenson
    Jacob Gutwillig
    Matthew Hellman
    Assistant United States Attorneys

_____     Date: _____
Donna Newman, Esq.
Counsel for Jevaun Charles

_____     Date: July 19, 2021
David Touger, Esq.
Counsel for Alysha Beltre

_____     Date: _____
Margaret Shalley, Esq.
Counsel for Deuri Carambot

_____     Date: _____
Patricia Pileggi, Esq.
Counsel for Shakur Culbert

_____     Date: _____
Thomas Ambrosio, Esq.
Counsel for Jason Gonzalez

_Donald Yannella_____     Date: 7/19/2021
Donald Yannella, Esq.
Counsel for Mike Silva

6

## Retention of Jurisdiction

11. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____       Date: _July 16, 2021_____
    Micah Fergenson
    Jacob Gutwillig
    Matthew Hellman
    Assistant United States Attorneys

_____       Date: _____
Donna Newman, Esq.
Counsel for Jevaun Charles

_____       Date: _____
David Touger, Esq.
Counsel for Alysha Beltre

_/s/ Margaret Shalley_____       Date: July 20, 2021
Margaret Shalley, Esq.
Counsel for Deuri Carambot

_____       Date: _____
Patricia Pileggi, Esq.
Counsel for Shakur Culbert

_____       Date: _____
Thomas Ambrosio, Esq.
Counsel for Jason Gonzalez

_/s/ Donald Yannella_____       Date: 7/19/2021
Donald Yannella, Esq.
Counsel for Mike Silva

6

## Retention of Jurisdiction

11. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____          Date: _July 16, 2021_____
    Micah Fergenson
    Jacob Gutwillig
    Matthew Hellman
    Assistant United States Attorneys

_____                    Date: _____
Donna Newman, Esq.
Counsel for Jevaun Charles

_____                    Date: _____
David Touger, Esq.
Counsel for Alysha Beltre

_____                    Date: _____
Margaret Shalley, Esq.
Counsel for Deuri Carambot

*Patricia A. Pileggi*                        Date: _July 23, 2021_
Patricia Pileggi, Esq.
Counsel for Shakur Culbert

_____                    Date: _____
Thomas Ambrosio, Esq.
Counsel for Jason Gonzalez

_____                    Date: _____
Donald Yannella, Esq.
Counsel for Mike Silva

**Retention of Jurisdiction**

11. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____     Date:   July 16, 2021
    Micah Fergenson
    Jacob Gutwillig
    Matthew Hellman
    Assistant United States Attorneys

_____     Date:  _____
Donna Newman, Esq.
Counsel for Jevaun Charles

_____     Date:  _____
David Touger, Esq.
Counsel for Alysha Beltre

_____     Date:  _____
Margaret Shalley, Esq.
Counsel for Deuri Carambot

_____     Date:  _____
Patricia Pileggi, Esq.
Counsel for Shakur Culbert

*Thomas Ambrosio*     Date:   7/19/2021
Thomas Ambrosio, Esq.
Counsel for Jason Gonzalez

*Donald Yannella*     Date:   7/19/2021
Donald Yannella, Esq.
Counsel for Mike Silva

6

_____          Date: _____
James Roth, Esq.
Counsel for Daniel Silva

_____/s/ C. H. Scholar_____          Date: 7/20/21
Calvin Scholar, Esq.
Counsel for Maxwell Smith

_____/s/ John Buza_____          Date: 7-20-21
John Buza, Esq.
Counsel for Marlon Watson

_____/s/ Benjamin Zeman_____          Date: 7.20.21
Benjamin Zeman, Esq.
Counsel for Kewaannee Williams

_____/s/ Julie de Almeida_____          Date: 7/21/2021
Julie de Almeida, Esq.
Coordinating Discovery Attorney

SO ORDERED:

Dated: New York, New York
       July ___, 2021

                                        _____
                                        HONORABLE JED S. RAKOFF
                                        UNITED STATES DISTRICT JUDGE
                                        SOUTHERN DISTRICT OF NEW YORK

7

_James Roth_                                         Date:    July 19, 2021
James Roth, Esq.
Counsel for Daniel Silva

                                                 Date: _____
Calvin Scholar, Esq.
Counsel for Maxwell Smith

                                                 Date: _____
John Buza, Esq.
Counsel for Marlon Watson

                                                 Date: _____
Benjamin Zeman, Esq.
Counsel for Kewaannee Williams

                                                 Date: _____
Julie de Almeida, Esq.
Coordinating Discovery Attorney

SO ORDERED:

Dated: New York, New York
        July 26, 2021

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK